[No. 8359.    Department Two.    January 8, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK BARKER, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—CONFESSIONS—TRIAL.   Upon an objection to admissions by the accused on the ground of duress, the question whether the admissions were voluntary or were made under the influence of fear produced by threats, within Bal. Code, § 6942, is a mixed question of law and fact and may properly be determined by the judge upon an examination of the witnesses in the presence of the jury.

SAME—APPEAL—REVIEW.   Such decision is reviewable on appeal as any other question of law or fact passed upon by the court.

CRIMINAL LAW—EVIDENCE—PROOF OF MOTIVE.   In a prosecution for murder, when the accused is shown beyond a reasonable doubt to have committed the crime, proof of motive is not essential to sustain a conviction.

CRIMINAL LAW—EVIDENCE—CONFESSIONS—EFFECT.   The jury is properly instructed that voluntary confessions are to be considered as any other testimony, and may be rejected or believed, either in whole or in part.

SAME—CONFESSIONS—INSTRUCTIONS—ISSUE AND PROOF.   Where there was no question but what confessions were voluntary, it is not error to refuse to submit to the jury the question whether they were voluntary.

CRIMINAL LAW—TRIAL—CONDUCT—WITNESSES—EXPERTS — EXAMINATION.   In a prosecution for murder, it is not error for the court, on the last day of the trial, to refuse to appoint a chemist to examine the clothes worn by the accused for blood stains, the state not having claimed that they were blood stained, and the accused not having subpoenaed any witness for that purpose.

[1] Reported in 106 Pac. 133.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered December 31, 1909, upon a trial and conviction of murder in the first degree.  Affirmed.

*A. H. Gregg* and *P. R. Heily*, for appellant.

*Fred C. Pugh* and *Donald F. Kizer* (*A. J. Laughon*, of counsel), for respondent.

Mount, J.—Appellant was tried and convicted of murder in the first degree.  He appeals from the judgment pronounced thereon.

It appears that after the appellant was arrested he was taken to the city jail in Spokane, and while there was taken into the presence of the prosecuting attorney, a deputy sheriff, and two or three police officers, and questioned first in regard to his presence on the day of the murder.  The appellant at first denied that he was at Medical Lake where the murder was committed on that day, but when told by the prosecuting attorney that he had proof of the fact that the accused was at Medical Lake on that day, he then admitted that he was there and that he killed the deceased by striking him on the head with a piece of gas pipe; that he did it because the deceased was following him and had addressed him with vile language.

At the trial, when the prosecution called a witness to prove these admissions, an objection was made upon the ground that the admissions were obtained from the defendant by duress, and were made under the influence of fear produced by threats.  The appellant by his counsel requested the court to exclude the jury, and to determine this question before the witnesses were permitted to testify to any admissions made by the appellant.  The jury was thereupon sent out, and counsel for the appellant proceeded to examine the witness upon the surroundings and how the appellant came to make the admissions.  The witness testified that no threats were made against the accused and no inducements were held out to him, except that he was informed that the prosecuting

attorney desired the truth and that it would be better for
the accused to tell the whole truth.    Thereafter the court
recalled the jury and permitted the witness to state all the
confession with all of the surrounding circumstances. , When
the other witnesses to the confession were called, the court re-
fused to send the jury out, and heard all the evidence relat-
ing to the confession, and permitted the same to be considered
by the jury.    It is argued by the appellant that it was the
duty of the court to determine the voluntary or involuntary
nature of the confession without the presence of the jury..
The statute provides:

"The confession of a defendant made under inducement,
with all the circumstances, may be given as evidence against
him, except when made under the influence of fear produced
by threats"; etc.    Bal. Code, § 6942.

Under this statute, when it appears to the court that a.
confession is made under the influence of fear produced by
threats, of course it is the duty of the court to exclude the
evidence.    It is proper for the court to hear the evidence re-
lating to duress and to decide upon the admissibility of such,
evidence, but there is nothing in the statute requiring such
evidence to be taken without the presence of the jury.    If
the evidence is clear that no threats were made and that the
admissions were voluntary, it cannot be error for the whole
evidence to be heard by the jury.    In *State v. Mann*, 39
Wash. 144, 81 Pac. 561, we said:

"The question whether a defendant is under the influence
of fear produced by threats, when he makes statements im-
puting guilt of the crime charged against him, is a mixed
question of law and fact, and the proper way to ascertain
the fact is to have the witness detail the circumstances sur--
rounding their making, and all that was said and done pre-
liminary thereto which led to their making.    From this the
court is much better able to judge whether the admissions are
admissible under the statutory rule than it would be were a
question asked in the words of the statute and the opinion of
the witness taken thereon."

But this does not indicate that there must be two examinations of the witness, one in the presence of the jury and the other without the presence of the jury. It indicates that the whole examination shall be made in the presence of the jury. The presiding judge must decide upon the admissibility of the evidence, and must strike it out or direct the jury to consider it, according to his conclusion that it is or is not made under the influence of fear produced by threats. The conclusion of the trial judge is reviewable upon this question as upon any other question of law or fact passed upon by the court. In this case the evidence of the witness examined without the presence of the jury was ample to show that the confession was not made under duress, but was the voluntary confession of the defendant made upon two different occasions. The evidence of the other witnesses to the confession was substantially the same as that of the first one. There was, therefore, no error in receiving the evidence or in determining that it was admissible in the presence of the jury.

Appellant claims that the court erred in instructing the jury to the effect that proof of a motive to commit the crime is not indispensable nor essential to conviction. There is no error in this. When the defendant is shown beyond a reasonable doubt to have committed crime, evidence of motive is not essential. 12 Cyc. 394; Wharton, Homicide (3d ed.), p. 915, §595; Abbott, Trial Brief, Crim. Cases, p. 688; *Wheeler v. State*, 158 Ind. 687, 63 N. E. 975.

Appellant also argues that the court erred in instructing the jury as follows:

"If the jury believes from the evidence that the defendant made the confession as alleged and attempted to be proved in the case, the jury should treat and consider such confession precisely as they would any other testimony. Hence, if you believe the whole confession to be true, you should act upon the whole as true. But you may believe part of the testimony and reject the balance if you see sufficient grounds in the evidence for so doing. You are at liberty to act on it

like other evidence in view of all the circumstances of the case as disclosed by the evidence";

and in not submitting to the jury the direct question whether the alleged confessions were voluntarily made. We think the instruction given was proper. If there had been evidence in the case to show that the confessions were not made voluntarily, then it might have been argued with some degree of reason that the jury should determine that question before considering such confessions as evidence in the case. But the record before us shows no contention upon this point. The evidence is undisputed upon the voluntary character of the confessions, and for that reason they must be taken as having been voluntarily made.

The clothes which the appellant wore on the day of the homicide were offered in evidence as a part of the defense. At the time of the offer, appellant's counsel requested the court to appoint a chemist to examine these clothes for blood stains. The court refused to make such order, and the appellant bases error thereon. There was no error in this. In the first place there was no claim made by the state that these clothes contained blood stains. Again, the clothes were in evidence at the instance of the appellant, and showed for themselves. And again, if the appellant desired chemists or any other persons to testify concerning blood stains or the absence thereof on the clothes, he was entitled to a subpoena for such persons at the proper time. He could not wait until the last of the trial and then require the court to appoint some person to conduct a chemical analysis or examination of the clothes. Such proceeding is not required by the code, and might lead to interminable confusion and delay in the trial of jury cases.

We find no error in the record, and the judgment must therefore be affirmed.

Rudkin, C. J., Dunbar, Parker, and Crow, JJ., concur.