[No. 10255. Department Two. May 23, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
GEORGE H. WILSON, *Appellant.*[1]

WITNESSES—CROSS-EXAMINATION—RELEVANCY. Upon cross-examination it is not error to exclude a question relating to a subject upon which the witness had not testified.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. Error in excluding evidence is cured where it was subsequently admitted.

APPEAL—PRESERVATION OF GROUNDS—MOTION TO STRIKE EVIDENCE. A motion to strike out all the evidence of a witness is properly denied where part of it was relevant.

HOMICIDE—EVIDENCE—RELEVANCY—DOMESTIC RELATIONS OF ACCUSED. Upon a prosecution for murder, evidence of the domestic relations of the accused and his wife is relevant, where it appears (1) that the statements of the accused made the inquiry proper, and (2) that the theory of the motive for the crime was based upon the fact that defendant was a sexual pervert.

WITNESSES—USE OF INTERPRETERS. A witness may be allowed to testify through an interpreter as to a statement made by the accused, where it appears that he understood the language used by the accused but was incapable of expressing himself clearly in the English language.

CRIMINAL LAW—EVIDENCE—CONFESSIONS—INDUCEMENT—QUESTION FOR JURY. Upon a conflict in the evidence as to whether a confession was made under the influence of fear produced by threats, the question is for the jury, and it is not error to admit evidence of the confession.

CRIMINAL LAW—EVIDENCE—OPINIONS — EXPERTS — HYPOTHETICAL QUESTIONS. In a prosecution for murder by an alleged sexual pervert, it is not error to allow a physician, answering a hypothetical

[1] Reported in 123 Pac. 795.

question as an expert, to give his opinion as to whether such a person, deluded by hallucinations to kill, would commit murder to gratify his sexual passions; especially where the preceding questions clearly showed that he did not give his opinion as to what the defendant did, but only as to what a man so afflicted would have a tendency to do.

CRIMINAL LAW—EVIDENCE—REWARD—RELEVANCY. Evidence that the county had offered a reward for the apprehension of the person committing the crime of which defendant was accused is inadmissible when not offered for the purpose of showing bias or affecting the credibility of a witness.

CRIMINAL LAW—EVIDENCE—CONFESSIONS—INDUCEMENT — INSTRUCTIONS. Under Rem. & Bal. Code, § 2151, providing that a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony, an instruction to the effect that a confession could not be considered as evidence unless it was voluntary is not prejudicial error, as it was favorable to defendant.

APPEAL—REVIEW—INSTRUCTIONS REQUESTED. Error cannot be predicated upon the giving of an instruction requested by defendant.

HOMICIDE—DEGREES—VARIANCE. A conviction of murder in the second degree may be had under a charge of murder in the first degree, where the evidence was largely circumstantial, the question of deliberation depended upon the circumstances surrounding the killing, and the evidence does not conclusively show deliberation.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered November 15, 1911, upon a trial and conviction of murder. Affirmed.

*C. E. Collier* (*Chas. Ethelbert Claypool*, of counsel on the brief), for appellant.

*John M. Wilson*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of murder in the second degree. He has appealed from a judgment pronounced thereon. Several errors of the trial court are assigned. We shall notice these assignments briefly in the order in which they are presented.

A witness, Morris, who was a justice of the peace in the vicinity where the crime was committed, testified, among other things, that, after the commission of the crime, the accused

came to him and asked him for protection. The witness narrated the conversation between himself and the accused, and upon cross-examination, after counsel for the accused had fully cross-examined as to the conversation, the witness was asked whether he knew that mob violence had been threatened against any person thought to be connected with the crime. The court sustained the objection to this question. There was no error in this ruling, for the witness had not testified upon the subject to which the question related. Furthermore, that question was later fully gone into with other witnesses, and therefore this particular ruling was harmless, even if it might be held to be erroneous. A witness named Jolly testified to certain conversations he had with the accused. At the close of his testimony, the defense moved the court to strike out all of the testimony of the witness. This motion was denied. It is now argued that this was error, because certain papers which were referred to as bloodstained were not in fact bloodstained. The motion was properly denied. The witness detailed conversations merely. He did not testify that the papers were bloodstained. If he had done so and was mistaken in that respect, this would not have been sufficient ground for striking out all of his testimony.

It is next argued that the court erred in permitting the domestic relations of the accused and his wife to be inquired into. This was proper in this case, for two reasons: (1) The accused himself, by statements made to certain witnesses, made this inquiry proper; and (2) the state based its theory of the motive for the crime upon the fact that the accused was a sexual pervert.

It is next argued that the court erred in permitting the witness Kastro to testify through an interpreter to an admission made by the accused to the witness. It is no doubt the rule that a witness who does not understand the language employed in a conversation in which a confession of guilt is made is incompetent to testify to such confession. But in

this case it appeared that the witness understood the language used by the accused, but the witness was incapable of expressing himself clearly in the English language. The court satisfied himself upon this point and permitted the witness to testify through an interpreter. We think this was not error.

It is next argued that a statement or an alleged confession, made by the accused to the sheriff and the prosecuting attorney and taken down in writing by a stenographer and admitted in evidence, was erroneously admitted, because the statement was made under the influence of fear produced by threats, and therefore violated the constitutional provision that, "no person shall be compelled in a criminal proceeding to give evidence against himself." The testimony on the part of the state shows, however, that the statement was made freely and voluntarily by the accused. This was denied by the defendant at the trial. Unless it appeared that the confession was made under the influence of fear produced by threats, it was the duty of the court to admit the confession or statement in evidence. Where the evidence is in conflict upon this point, the question is then for the jury. *State v. Washing*, 36 Wash. 485, 78 Pac. 1019. The court properly admitted the statement. This case is not like *State v. Montgomery*, 56 Wash. 443, 105 Pac. 1035, 134 Am. St. 1119, and *State v. Miller*, 61 Wash. 125, 111 Pac. 1053.

It is next argued that the court erred in permitting one of the doctors to answer the following question: "Now, doctor, I will ask you this question: Would a man with extreme outbursts of sexual passion, such as was stated in the first hypothetical question asked you, and he being deluded by voices, hallucinations to kill, commit murder to gratify his sexual passions?" It is claimed that this question was without the realm of expert testimony, and called for an expression of opinion as to the guilt or innocence of the defendant. We think the subject of the question was a proper one for expert testimony. The witness was qualified as an expert on the subject of the inquiry. The jury was entitled to know what

would ordinarily be the conduct of a man so afflicted. The question standing alone might be construed to call for an expression of opinion as to the guilt or innocence of the accused, but such construction would be far-fetched. The question clearly did not call for an opinion of the witness as to what the defendant did, but as to what a man so afflicted would have a tendency to do. The preceding questions showed that this was the object of the inquiry, and the jury no doubt so understood the question, even if a technical construction of the language of the particular question did not exactly so indicate. It was for the jury to determine whether the assumed facts were true.

It is next argued that the court erred in not withdrawing the purported confession of the defendant from the jury and dismissing the case. We have held above that these purported statements and confessions were proper to go to the jury.

Appellant next argues that the court erred in refusing to permit the defendant to show by the county auditor that the county had offered a reward for the apprehension of the person who committed the crime. This evidence was immaterial, except for the purpose of showing bias or affecting the credibility of a witness who knew of the fact. It was apparently not offered for that purpose, and was therefore immaterial.

Appellant argues that the court erred in giving the following instruction to the jury:

"Under the statutes of this state, the confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him except when made under the influence of fear produced by threats. You are directed and advised that confessions and admissions are to be received and considered with great caution. You are also directed and instructed that, if upon the whole testimony you are satisfied that any confession or confessions, admission or admissions, were made by defendant, and are also satisfied that the same were voluntary upon the part of the defendant, then the same shall be considered by you as evidence in the case. If otherwise, they shall not be considered as evi-

dence. A confession or admission by a defendant is voluntary if, at the time of making it, he is not under the influence of fear produced by threats; that is, if he may or may not speak as he chooses."

It is claimed that this instruction is erroneous because it did not tell the jury that "a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony," as provided for in the last clause of § 2151, Rem. & Bal. Code. It is apparent that the court did not so instruct the jury, but said to the jury, if they found that confessions or admissions were made, "and also satisfied that the same were voluntary on the part of the defendant, then the same shall be considered by you as evidence in the case. If otherwise they shall not be considered as evidence." The court thereby informed the jury that they could consider admissions or confessions only which were voluntarily made. This, however, was not error against the defendant. If it was error, it was favorable to the defendant, and therefore not prejudicial.

Appellant next argues that the court erred in defining murder in the second degree. The record shows that defendant requested such instruction, and he therefore cannot base error thereon. *State v. Blaine*, 64 Wash. 122, 116 Pac. 660. The evidence relating to the killing in this case was largely circumstantial. Whether the slayer committed the deed deliberately or in a burst of passion, without deliberation, depends upon the circumstances surrounding the killing. The fact of deliberation may therefore have been a subject of doubt in the minds of the jury sufficient to reduce the degree from murder in the first to murder in the second degree. The evidence does not show conclusively that the killing was deliberate, as in the case of *State v. Ash*, *ante* p. 194, 122 Pac. 995.

The remaining assignments of error go to the refusal of the court to give certain requested instructions offered by the defendant, and to a denial of a new trial upon the ground

that the evidence is insufficient to support the verdict. We may say generally, in reference to these assignments of error, that the instructions given by the court fully cover the law of the case, and that we are convinced that there was sufficient evidence to justify the court in submitting the case to the jury.

Finding no reversible error, the judgment is affirmed.

ELLIS, MORRIS, and FULLERTON, JJ., concur.