[No. 13127. Department Two. February 9, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.

NELLIE BROWNLOW, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—CONFESSIONS. A voluntary confession to a police officer is admissible, although accused was not reminded that she was under arrest and not obliged to reply and that her answer could be used against her.

WITNESSES—PRIVILEGE OF ACCUSED—FORMER CONVICTION. It is not an invasion of any constitutional right to ask, on cross-examination, whether the accused had ever suffered conviction before.

CRIMINAL LAW—APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS. Error cannot be predicated on a question to which no objection was taken.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—FORMER CONVICTION. It is not error in charging the jury to mention that there was evidence of a former conviction, where the jury were told that it only affected the credibility of the accused.

CRIMINAL LAW—APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot be predicated on instructions to which no exception was taken.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 5, 1915, upon a trial and conviction of grand larceny. Affirmed.

*Will H. Thompson*, for appellant.

*Alfred H. Lundin, John D. Carmody*, and *Joseph A. Barto*, for respondent.

BAUSMAN, J.—Appellant, convicted of grand larceny, presents as a first grievance the lower court's admitting her confession made to a police officer during arrest and in jail. The confession was properly admitted. It was not necessary to remind her that she was under arrest, that she was not obliged to reply, and that her answers would be used against her. There was no inducement, fear, or threat. The state-

[1] Reported in 154 Pac. 1099.

ment was voluntary.    Rem. & Bal. Code, § 2151 (P. C. 135
§ 1151) ; *State v. Barker*, 56 Wash. 510, 106 Pac. 133 ; *State
v. Royce*, 38 Wash. 111, 80 Pac. 268 ; *State v. Wilson*, 68
Wash. 464, 123 Pac. 795.

Testifying for herself, she was asked on cross-examina-
tion whether she had ever suffered conviction before, to which
she answered that she had.    No objection was made.    Never-
theless, it is argued that here was an invasion of a constitu-
tional right.    The court, it is said, should have itself pro-
tected her.    This we cannot sustain.    Defendant, taking the
stand on her own behalf, warrants her credibility as a wit-
ness and invites the impeaching question.    There was no error
in that question, and failure to object to it, moreover, is ac-
quiescence.    The situation is clearly not that in *State v.
Jackson*, 83 Wash. 514, 145 Pac. 470, where it was the trial
judge himself who put certain questions, and where we held
that exceptions against his course were not necessary for
reasons peculiar to his relation to trial.

Neither did the judge in the present case bring himself
within the rule of that case, when, in charging the jury, he
mentioned that there was evidence introduced showing previ-
ous conviction, for he was careful to add that it was no proof
of defendant's guilt in the pending trial but only touched her
as a witness.    Besides, to this, also, no exception was taken.

Judgment affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., con-
cur.