[No. 13918.   Department One.   March 13, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES W.
KELCH, *Appellant*.[1]

CRIMINAL LAW—TRIAL—APPOINTMENT OF COUNSEL — COMPETENCY.
Attorneys regularly admitted to practice law and appointed to de-
fend a criminal case are presumed to have sufficient skill and learn-
ing, which presumption controls, in the absence of anything in the
record to the contrary.

SAME—EVIDENCE—CONFESSIONS.   Evidence of the confession of
guilt is admissible where it was not made under the influence of
fear produced by threats; and where the confession is not admitted
but is denied, it is inconsistent to claim on appeal that it was in-
voluntary.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered June 13, 1916, upon a trial
and conviction of burglary in the second degree.   Affirmed.

*Charles W. Kelch, in propria persona.*

*Alfred H. Lundin, John D. Carmody*, and *Joseph A. Barto*,
for respondent.

MAIN, J.—The defendant in this case was, by information,
charged with the crime of burglary in the second degree.
The trial resulted in a verdict of guilty.   From the judg-
ment entered upon the verdict, the defendant appeals.

The first assignment of error is that the court erred in
appointing as counsel for the appellant an attorney not
learned in the law, nor skilled in the matter of presenting
cases in court.   The clerk's minute entry, made at the time
the case was called for trial, shows that the appellant was
represented by two attorneys.   In the bill of exceptions,
which is denominated a statement of facts, it is recited that
one of the attorneys mentioned in the transcript appeared
for the appellant.   Whether the other attorney also took
part in the conduct of the trial of the case does not appear.

[1]Reported in 163 Pac. 757.

The attorney mentioned in the bill of exceptions was reg-
ularly admitted to practice law in this state on June 21, 1912.
The other attorney mentioned in the transcript was admitted
to practice law on June 19, 1914. The trial of the cause
took place on the 31st day of May, 1916. The attorneys
who appeared for the appellant, by appointment of the court,
having been regularly admitted to practice law prior to the
time of their appointment, are presumed to have sufficient
skill and learning to properly defend the accused.' *Fambles
v. State*, 97 Ga. 625, 25 S. E. 365.

While in the appellant's brief there is a statement of cer-
tain facts which he claims show that he was not efficiently
defended, the record is barren of any fact which would indi-
cate that his defense was not conducted skillfully and
properly.

In the case of *Baker v. State*, 9 Okl. Cr. 62, 130 Pac. 820,
the person appointed by the court to defend the accused had
not, either at the time of the appointment or the trial, been
admitted as an attorney in the state in which the prosecution
took place, and consequently there was no presumption of
competency. The case is, therefore, plainly distinguishable.

The second and third assignments of error are based upon
the hypothesis that the counsel conducting the defense were
incompetent. Since this charge of incompetency is not sus-
tained by the record, as already indicated, it is unnecessary
to discuss these assignments of error.

One other question is to be considered, and this is based
upon the assignment that it was error to admit the testimony
as to the appellant's confession. After the arrest, there were
exhibited to the appellant certain articles of clothing, belong-
ing to one William Moohn, which had been taken from a room
in the St. Paul Hotel, in the city of Seattle. At this time,
there were present two police officers, the complaining wit-
ness, and one other. These persons, upon the trial, all testi-
fied in effect that, when the articles of clothing were exhibited
to the appellant, he denied any knowledge of them; that there

was then exhibited to him a steamboat commutation passenger ticket, upon which appeared the name of the complaining witness; that thereupon the appellant admitted to the persons then present that he had entered the room in the St. Paul Hotel, had stolen therefrom the clothing, and had sold the same to a Japanese dealer in second-hand wares. The appellant, in his testimony, denied having made the confession that he had taken the clothing, and gave another version of the conversation. There is no evidence that the confession was made under the influence of fear produced by threats, and it was therefore competent. Rem. Code, § 2151; *State v. Barker*, 56 Wash. 510, 106 Pac. 133; *State v. Brownlow*, 89 Wash. 582, 154 Pac. 1099.

Had the appellant admitted the confession and claimed that it was made under the influence of fear produced by threats, and had the evidence upon this question been in conflict, the question would then have been one for the jury. *State v. Wilson*, 68 Wash. 464, 123 Pac. 795.

The confession, however, was not admitted, but denied by the appellant. The contention in the trial court that no confession had been made, and the contention here that the confession was involuntary, are hardly consistent. If the confession had not been made, as claimed by the appellant, there could be no question whether it was voluntary or involuntary.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, CHADWICK, and WEBSTER, JJ., concur.