[No. 14102.   Department Two.   August 14, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v.

GEORGE SULLIVAN, *Appellant*.[1]

INTOXICATING LIQUORS—SALE—INFORMATION. An information for selling a quart of "spirituous intoxicating liquors . . . capable of being used as a beverage," is sufficient as being substantially in the language of Rem. Code, §§ 6262-2 and 6262-4, prohibiting the sale of any intoxicating liquor.

JURY—QUALIFICATIONS—BIAS. · A juror is not disqualified by acquaintance with the prosecuting attorney and confidence in his ability and integrity.

SAME. In a prosecution for selling liquor, a juror is not disqualified by the fact that she favors the prohibition law.

CRIMINAL LAW — EVIDENCE — CONFESSIONS. Admissions of guilt made to police officers while in their custody are admissible against accused, when they were freely and voluntarily made, since they were not made under the influence of fear produced by threats.

TRIAL—COMMENT ON EVIDENCE. It is not error, as comment on the evidence, for the court, in a colloquy with counsel, to correctly state what the evidence was upon a point in question.

CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTIONS. A reasonable doubt is properly defined as a substantial doubt having reason for its basis, as distinguished from a fanciful or imaginary doubt, and such as arises from the evidence or want of evidence, and the absence of which would, after deliberation, enable one to have a settled and abiding conviction of guilt.

TRIAL—INSTRUCTIONS—SUBMISSION. It cannot be presumed that the bracketing of parts of an instruction, taken to the jury room, unduly influenced the jury.

INTOXICATING LIQUORS—SALE—DELIVERY—EVIDENCE—SUFFICIENCY. A delivery of intoxicating liquor unlawfully sold is sufficiently proven where it appears that accused, after making the bargain to sell, said that he would leave the bottle with the liquor behind a broom in a certain place and that the purchaser found it there and took it away.

CRIMINAL LAW—HARMLESS ERROR—CURE BY INSTRUCTIONS. Prejudicial error cannot be predicated upon misconduct of the prosecuting attorney in starting to comment on the fact that the defendant had

[1]Reported in 166 Pac. 1123.

not testified, where the court immediately checked such statement and instructed the jury that no inference could be drawn from defendant's failure to testify.

SAME—TRIAL—INSTRUCTIONS—CREDIBILITY OF EMPLOYED WITNESSES. Where the jury are instructed to consider the interest and bias of all witnesses, it is not error to refuse an instruction respecting the weight to be given and the interest of witnesses employed by the prosecuting attorney to obtain evidence against the accused.

Appeal from a judgment of the superior court for Lewis county, Easterday, J., entered October 19, 1916, upon a trial and conviction of violating the state-wide prohibition law. Affirmed.

*C. D. Cunningham* and *Forney & Ponder*, for appellant.

*W. H. Cameron* and *Floyd M. Hancock*, for respondent.

HOLCOMB, J.—The first ground upon which appellant seeks a reversal of the judgment upon verdict convicting him is that the court erred in overruling his demurrer to the information.

The information charged him as follows:

". . . did then and there wilfully and unlawfully sell one bottle of spirituous intoxicating liquor, being about one quart in quantity, to one Wm. Estep, which said intoxicating liquor, so sold, was capable of being used as a beverage."

Our statute, Rem. Code, § 6262-4, prohibits the sale of *any* intoxicating liquor. Section 6262-2 defines the phrase "intoxicating liquor" to "include whiskey, brandy, gin, rum, wine, ale, beer and *any* spirituous . . . . liquor." The information charged the appellant with selling a prohibited liquor: "spirituous intoxicating liquor;" and added that it was liquor capable of use as a beverage. The charge was substantially in the language of the statute, and was so stated that a man of common understanding could easily determine the nature of the offense with which he was charged. This was all that was essential. *State v. Wright*, 9 Wash. 96, 37 Pac. 313; *State v. Holedger*, 15 Wash. 443, 46 Pac. 652; *State v. Nelson*, 39 Wash. 221, 81 Pac. 721.

"The class or species of the liquor sold is not a material ingredient of the offense, and the defendant is not entitled to more detailed information on this point, if the other allegations of the indictment describe the particular transaction with sufficient certainty to identify it." Black, Intoxicating Liquors, § 467.

See, also, *Callahan v. State*, 2 Ind. App. 417, 28 N. E. 717.

This determination disposes also of appellant's fourth claim of error, that the court erred in admitting in evidence a bottle of liquor and evidence that it was whiskey or spirituous, and intoxicating.

The next claim is based upon the denial of a challenge by appellant to a juror. The juror, Mrs. Schmid, testified on *voir dire* to some acquaintance with the deputy prosecuting attorney, some confidence in his ability and integrity, and a belief in the prohibition law. She apparently did not thoroughly understand many words and phrases used by court and counsel, but she displayed a fairly comprehensive knowledge of ordinary English, such as laymen in ordinary walks of life commonly use. The prosecuting attorney was not on trial, and this juror evinced no special partiality for him or for his side of the case as such. She stated that she would not believe him rather than others when he argued to the jury. She had an undoubted right to favor the prohibition law exactly as she might favor any other criminal law, and the fact that a prospective juror favors any penal statute is no evidence that such juror is prejudiced against any person accused of violating that law. In fact, the answers of this juror convince that she was a very unbiased juror. The trial judge who saw and heard her testify evidently so believed, and exercised his undoubted discretion as trier of that fact in denying the challenge for cause. We can see no abuse of discretion therein. *State v. Boyce*, 24 Wash. 514, 64 Pac. 719; *State v. Croney*, 31 Wash. 122, 71 Pac. 782; *State v. Montgomery*, 57 Wash. 192, 106 Pac. 771.

The court permitted the state to show certain admissions of appellant concerning the offense charged against him to the officers who had him in custody. It is urged that this was error because it was not first shown that the appellant was not under the influence of fear produced by threats when he made them. The testimony of the prosecution as a whole shows, however, that the alleged admissions were made freely and voluntarily; that, in the absence of a counter showing, is all-sufficient, covering the preliminary essential and negativing the idea of being made under fear produced by threats. *State v. Mann*, 39 Wash. 144, 81 Pac. 561; *State v. Washing*, 36 Wash. 485, 78 Pac. 1019; *State v. Wilson*, 68 Wash. 464, 123 Pac. 795.

Error is assigned upon certain statements of the court as being prejudicial comment on the evidence. When the sheriff of the county, a witness for the prosecution, was upon the stand, he testified as to an examination of the appellant by the prosecuting attorney in the presence of the witness and other witnesses, and that the following, among other things, occurred: Studebaker (prosecuting attorney) quizzed the victim. He talked to him there. He (Studebaker) said he was not particular about arresting people of his (Sullivan's) kind, but was particular to get the man who furnished the liquor; said he would be inclined to be lenient with him if he (Sullivan) wanted to tell him of his own free will where he got the liquor, but he told him he didn't need to talk to him unless he wanted to.

"Q. Did he say anything about what Judge Rice would do? A. No, he didn't say anything about what Judge Rice would do at all. Q. Didn't he tell him, if he did not state from whom the liquor came that Judge Rice would give him from thirty to sixty or ninety days, and would not give him a fine at all? A. No, he didn't say Judge Rice would do that. He told him under the law that could be done; he *could* do that. Q. Well, what was there said to him about that? A. Why, he told him, he says, 'If you don't want to tell, of course there is no leniency coming to you.' He says,

'I will have to prosecute you, and you will get whatever the judge is mind to give you,' and he told him—he didn't say sixty days; he said thirty to ninety days."

There was some further testimony and some colloquy between counsel for appellant and the prosecuting attorney and the court, counsel for appellant insisting that the evidence above quoted showed that a threat was made to the appellant, which upon its face disqualified the evidence of any admissions on the part of appellant. Objections were made to the court making any statement in regard to what the evidence was. The court said:

"I will say that I do not regard any testimony that has come in as substantially a threat. Mr. Forney: We take exception to your honor's statement to the jury. He stated that Mr. Foster stated that the court would give him from thirty to ninety days in jail. The Court: No, he did not say that. He said he told him what the penalty would be; said Studebaker told him the penalty would be thirty to ninety days in jail. Mr. Forney: We take exceptions to your honor's statement as a comment on the evidence. The Court: I will sustain the objection."

It is obvious that what the court stated the evidence was conformed exactly to the evidence in the record. It is also obvious that the evidence did not in any way show any threat made by the prosecuting attorney, but merely a statement as to what the penalty of the law might be in case of a conviction for the offense. The court committed no error in that regard.

Instruction No. 4, given by the court, was almost a precise reproduction of the instruction defining a reasonable doubt discussed in *State v. Harsted,* 66 Wash. 158, 119 Pac. 24. After the verdict, exceptions were taken to this instruction on the ground that it was verbose and argumentative, and that a portion was bracketed therein by lead pencil marks, as follows: "It does not mean that the state should prove conclusively," and "and very few things in the domain

of human knowledge are susceptible of absolute proof. Absolute proof is not required."

It cannot be assumed that the pencil marks bracketing these sentences were made by the court before giving the instructions to the jury; and, as the jury took the instructions to the jury room with them, it is possible that the bracketing was done by some juror while discussing the instructions. At any rate, there is no showing, and we cannot presume, that such an inadvertent and inconsequential a thing as the bracketing of these sentences by pencil marks unduly influenced the jury, and that the jury did not consider the instructions as a whole. Instruction No. 4 as a whole has been approved by this court in the case above cited.

It is also urged that the state, even if the evidence justified a finding of a sale, failed to prove a delivery, and especially of the kind of liquor which defendant was charged with selling. The evidence is that accused made a bargain to sell about a quart of liquor to Estep for two dollars, and said that he would leave the bottle with the liquor behind a broom in a water closet in the pool hall where appellant worked, and that Estep would find it there; that Estep went to the water closet, found the bottle of liquor behind a broom there, and took it with him to his room in a hotel. This constitutes a sale and delivery. The bargain was complete. It was not necessary in order to constitute a delivery for the bottle to be handed from the hand of appellant into the hand of Estep. If appellant directed Estep where the article might be found and Estep found it there and took it into his possession, that, according to all the rules that we ever heard of, would constitute a sufficient delivery of the thing sold.

It is strenuously urged that there was misconduct on the part of the prosecuting attorney. Appellant did not himself testify, nor were any witnesses placed upon the stand in his behalf. At the conclusion of the state's case, a motion was made for an instructed verdict in favor of appellant, which was denied. In the argument of the case, the prosecutor

made the following remark: "Counsel for defendant, not having offered any evidence here, may carry his bluff one step further—" at which point objection was made that the remark constituted prejudicial conduct on the part of the prosecutor, upon which the court stated:

"I have instructed the jury in the instructions that no inference is to be drawn against defendant by reason of his not taking the witness stand; that you are to determine the question of his guilt or innocence from the evidence that has been introduced. Counsel will refrain from making any, comment upon the fact that he has not taken the stand."

Some further colloquy occurred between the counsel, prosecutor attempting to complete his sentence, and finally completing it by saying:

"Counsel may carry their bluff one step further by not making any argument in this case. Let them do as they like."

The court had instructed the jury that they were to draw no inference from the fact that the defendant did not testify in his own behalf, and upon the argument of the prosecutor, reiterated the instruction and further directed the prosecutor to make no more reference to that subject. It appears that the jury were positively advised of the law in the premises, and the rights of the appellant were fully protected by the court upon the argument of counsel, and no prejudicial error was made.

It is contended that there was no sufficient evidence to warrant the case going to the jury. Without this assignment being discussed at length, an examination of the record clearly discloses that there was ample evidence upon which to convict, if the jury believed it; and there was no contradiction thereof.

The instructions given by the court as a whole were correct. Some objection is made to the refusal of the court to give an instruction requested by the appellant, to the effect that, if they found from the evidence that certain men were

employed by the sheriff's office to obtain evidence against the accused, greater care should be exercised by the jury in weighing the testimony of such witnesses, by reason of their natural and unavoidable tendency and bias of mind to construe everything against the accused. Certain cases are cited sustaining such instruction, but we do not approve them. The court instructed the jury, in conformity with the well settled practice in this state, that the jury were to consider the interests and bias of all witnesses. That is sufficient, and it would be improper for the court to call specific attention to the character or possible bias of any particular class of witnesses and authorize the jury to weigh their evidence with a different rule from that applied to others, except in the case of accomplices, under our well recognized rule.

A careful examination of the entire record convinces us that the appellant was accorded a fair trial, that the instructions given by the court were appropriate to the issues and correct in law, and that the requested instructions of appellant were incorrect and were properly refused.

The judgment is therefore affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.