[No. 22822. Department Two. March 9, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. JULES
JOHNSON *et al., Appellants.*[1]

*Anderson & Richards* and *Earl W. Husted,* for appellants.

*Charles R. Denney,* for respondent.

BEELER, J.—Appellants were convicted of the offense of unlawful possession of intoxicating liquor other than alcohol for the purpose of unlawful sale. They have appealed from the judgment and sentence pronounced on the verdict.

The jury was warranted in finding that the evidence established these facts: For many years prior to and on April 5, 1930, appellants were husband and wife,

[1]Reported in 296 Pac. 545.

residing at 1412 Lombard street in the city of Everett; that appellant Jules Johnson, for some considerable time prior to April 5, 1930, was acquainted with a Mr. Deering, reputed to be an informer, apparently in the employ of respondent as an undercover man to aid in apprehending liquor violators. On March 31, 1930, Deering, in company with a prohibition agent, David Blair, called at appellants' home, and the latter purchased three bottles of beer from appellant Ellen Johnson, and paid her $1.25 therefor; that Deering and Blair drank two quarts of this beer, and appellant Ellen Johnson and her sister-in-law joined them in drinking the remaining quart, all being consumed in appellants' home. On April 2, 1930, Blair and another prohibition agent, Alfred D. Sides, called at appellants' home and purchased six quart bottles of beer, both appellants participating in the sale, for which they received $2.50. The officers consumed two quarts of this beer in appellants' kitchen. The remaining four quarts they took away with them.

On April 5, 1930, the prohibition agent, Sides, and a police officer named Thompson, called at the appellants' home and asked for liquor, and appellant Ellen Johnson produced a half pint of whiskey, whereupon officer Sides asked the price, and she stated it would cost him $1.50, and thereupon the officers disclosed their identity and immediately searched the premises, and found in a cleverly concealed cache, which appellant Jules Johnson had constructed in the basement of the house, one hundred bottles of beer and a couple gallons of whiskey. In addition, they found in and about the basement of the house several large empty kegs, empty crocks, a beer capper, some jugs, about one hundred and twenty empty bottles, a couple pieces of syphon hose and a bottle containing a liquid used in coloring whiskey. The officers seized all of this

paraphernalia, and took and kept it at police head-quarters until the time of trial.

While appellants rely on twenty-eight assignments of error, they present but four questions: First, appellants contend that the witness Blair was permitted to testify that Deering brought him to appellants' home ''for the purpose of purchasing whiskey.'' The record does not support this contention. The witness was not permitted by the court to so testify. The witness Blair, on his own accord, voluntarily and gratuitously injected the statement as a part of his answer, but which was in no wise responsive to the question submitted by respondent's counsel. Immediately thereafter, at the request of appellants' counsel, this testimony was stricken by the court. This does not constitute error.

Appellant next contends that the exhibits, consisting of the liquor and the utensils and paraphernalia seized by the officers on the night of the raid, were introduced in evidence without being sufficiently identified. We find no merit in this claim. Respondent's witnesses, the prohibition agents as well as the police officer who participated in the raid, identified the exhibits as having been found in appellants' residence on the date of the raid, and taken and kept by them until the time of trial. These exhibits were thoroughly identified, and were properly admitted in evidence.

Appellants next claim that the court erred in refusing to give certain instructions submitted by appellants, and giving certain other instructions in lieu thereof to the jury. We find it unnecessary to analyze and discuss each instruction separately. The instructions as given were comprehensive and defined the law applicable to the case accurately and with fairness to appellants, while those refused by the court consisted

in part of duplications of what in effect was given, and those that were not duplications were not correct expositions of the law applicable to the case. We have heretofore considered and approved the instructions complained of by appellants: *State v. Harras,* 25 Wash. 416, 65 Pac. 744; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818; *State v. Harsted,* 66 Wash. 158, 119 Pac. 24; *State v. Sullivan,* 97 Wash. 639, 166 Pac. 1123.

█ Finally, appellants claim error in the refusal of the court to grant appellants' motion in arrest of judgment, in denying them a new trial, and in imposing sentence and entering judgment on the verdict. Appellants' counsel earnestly urge that the motion in arrest of judgment as to the appellant Ellen Johnson, should have been sustained. This claim is based on the contention that she had no access to the cache, admittedly built by her husband, in which the liquor was concealed. It may be that the liquor and beer concealed in this cache were not accessible to her, but the fact remains that on March 31, on the first visit of Blair and Deering, she produced three bottles of beer, and again on the third visit of April 5, she produced a half pint of whiskey. From this testimony, the jury was justified in finding, either that she had access to the cache where the liquor was concealed, or that liquor was kept at other places in the house. The evidence amply sustains the verdict as to the appellant Ellen Johnson as well as her husband.

We find no error in the record, and the judgment and sentence is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.