[No. 31694.   Department One.   November 5, 1951.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID WINTERS, *Appellant.*[1]

[1]Reported in 236 P. (2d) 1038.

Richard D. Harris, for appellant.

Charles O. Carroll and John L. Vogel, for respondent.

MALLERY, J.—The defendant was convicted on each of seven counts of an information. Counts I, III, V, and VII were for the crime of rape. Count IV was for attempted rape. Count II was for robbery, which charged the crime was committed in connection with the rape charge in count I. Count VI charged the crime of robbery, committed in connection with the rape charged in count V. From the judgments and sentences rendered thereon, the defendant prosecutes this appeal.

No contention was made at the trial, nor on this appeal, that the acts proved were insufficient to constitute the crimes charged. The crux of this case is the identity of the person who committed them. We may, therefore, properly omit the details of the crimes.

It may be stated at the outset that as to only one count was there a definite face identification of the appellant. In the other counts, while the person of the assailant was suitably described as a very large negro, identical in size, build, clothes, and general appearance to the appellant, he was not otherwise identified. But for the appellant's confession, the evidence would be insufficient to sustain six of the counts in the information.

The appellant was arrested on February 3, 1950, for an assault having nothing to do with any of the counts in the instant case. His wife talked to him in the city jail on February 4, 6, and 9, 1950. She contacted two members of the

Seattle bar on his behalf. He was questioned at length on a number of occasions by detectives after his arrest on February 3, 1950, and on February 9, 1950, he submitted to a sodium pentathol test by a psychiatrist, at which time his wife was present. He claims he was promised a release if the "truth serum" test showed he was not guilty. The effect of the sodium pentathol lasts for one and one-half hours. The next day, on February 10, 1950, appellant made a written confession, which was introduced in evidence. The entire conversation, at that time, was recorded on a Pearce Wire Recorder, and was played for the jury.

Appellant admits he was not beaten or threatened with violence. His counsel, several times during the trial, disavowed any claim of violence or threat of it. He testified at length and in detail as to the conversations and circumstances regarding his confession. The testimony upon which he predicated his requested instructions is as follows:

"Q. Now, was there anything else said in that conversation? A. Like I said, Mr. Harris, he had been speaking about another case, another charge that hasn't been brought up here. Q. And then, after you were through talking about that other case, what happened? A. Well, sir, when we finished talking about that case, he said, 'You sign your name to it, and if you don't sign it, *we will keep you in the City Jail the rest of your life.*' After I signed my name, he threw it—he had a stack of them on the desk, and he picked several cases out, which I believe were the same cases we are in court now for. He picked them out, and then he begin to talk about them." (Italics ours.)

Appellant assigns error upon the refusal of the court to give the following instructions:

"(1) You are instructed that admissions made by the defendant charged with a crime, when such admissions are not caused by duress or fear produced by threats, are to be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the accused, and their weight as evidence, like that of any other fact, is to be determined by you alone. If you find that the defendant was *persuaded* to make admissions because of constant and long periods of questioning or because of threats made to keep him in jail unless and until he con-

fessed, *you are at liberty then to disregard any such state-ments or admissions made by the defendant.*

"(2) If you find that the defendant was persuaded to make admissions because of constant and long periods of questioning, or because threats were made to keep him in jail unless and until he confessed, *you are at liberty then to disregard any such statements or admissions made by the defendant.*" (Italics ours.)

The use of confessions in criminal trials is governed by Rem. Rev. Stat., § 2151 [P.P.C. § 127-5], which provides:

"The confession of a defendant made under inducement, with all the circumstances, may be given as evidence against him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating tes-timony."

As late as *State v. Meyer,* 37 Wn. (2d) 759, 226 P. (2d) 204, this court said:

"We have decided that it is for the jury to determine whether a confession was obtained under the influence of fear produced by threats. *State v. Barker,* 56 Wash. 510, 106 Pac. 133; *State v. Wilson,* 68 Wash. 464, 123 Pac. 795; *State v. Kelch,* 95 Wash. 277, 163 Pac. 757; *State v. Van Brunt,* 22 Wn. (2d) 103, 154 P. (2d) 606."

In *State v. Van Brunt,* 22 Wn. (2d) 103, 154 P. (2d) 606, we said:

"An analysis of these cases reveals that, where an issue of fact arises as to the question of the influence of fear pro-duced by threats and confessions made under inducement, it is not a question of law for the court to decide but is a question of fact for the jury under proper instructions. Where threats or inducements are conceded by the state or where facts are admitted which as a matter of law consti-tuted threats or inducements, it is a question of law for the court."

■ ■ Thus, a disputed claim of "*fear* produced by threats" made by a defendant is not itself binding upon the court. However, in the event the jury resolves the issue of *fear* against the state, the confession is not to be considered against the defendant, even though admitted in evidence. Under the statute, a claim of "inducement" is not a bar to

admission in evidence, but is to be considered "with all the circumstances" surrounding its making. Threats which do not produce *fear* will not eliminate consideration of the confession.

■ Appellant's requested instructions which, in effect, tell the jury to disregard the confession if it finds there was inducement or threats, are not a correct statement of the law, and were, therefore, properly refused.

■ Appellant contends that Rem. Rev. Stat., § 2151, is unconstitutional because it contravenes Art. I, § 9, of the Washington state constitution, which provides:

"No person shall be *compelled* in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." (Italics ours.)

Appellant cites no cases to support his contention, and since the statute excludes confessions "when made under the influence of fear produced by threats," we are not disposed, at this late date, to overturn the statute on such a showing.

■ The appellant contends that the confession was not admissible, because it was obtained six days after his arrest and without his having been taken before a justice of the peace, as a committing magistrate, in the meantime. He cites the statutes pertaining to procedure before a justice of the peace. It is, of course, somewhat similar to the procedure before United States commissioners, as provided for in Federal Rule 5 (a) of the Federal Rules of Criminal Procedure. He then cites *McNabb v. United States,* 318 U. S. 322, 87 L. Ed. 819, 63 S. Ct. 608, and *Upshaw v. United States,* 335 U. S. 410, 93 L. Ed. 100, 69 S. Ct. 170, to the effect that such a delay in bringing a prisoner before the commissioner makes a confession inadmissible. These cases are not in point. This is neither a Federal case nor a proceeding before a justice of the peace. The cases relied upon are not predicated upon either Washington state or Federal constitutional provisions, but only on a rule of procedure. There is no constitutional or statutory provision in the state of Washington having to do with the use of confessions as evi-

dence against a defendant in a criminal trial, except Rem. Rev. Stat. § 2151. Under the purview of the statute it was not error to admit the confession.

Appellant contends that there was a misjoinder of counts in the information. The statute upon which the state relied in joining the several counts is Rem. Rev. Stat., § 2059 [P.P.C. § 132-13], and reads as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated."

■■ The five counts of rape and attempted rape are the same class of crimes, so there is no question as to their joinder. Each charge of robbery specifically alleged that it was connected with a particular rape count as a part of the same act or transaction. A robbery count may be joined with a rape count when they meet the requirements of the statute by being connected together or arising out of the same act or transaction. They must be held to be connected or part of the same transaction where the evidence of one includes evidence of the other. Or, conversely stated, where the evidence of one cannot be given without involving the other. That situation obtains in the instant case, and the joinder of the robbery counts was not error.

The judgment is affirmed.

HILL, GRADY, DONWORTH, and WEAVER, JJ., concur.