[No. 36541. Department Two. January 16, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES C. CARPENTER, *Appellant.*[*]

*W. D. Palmer, Sr.*, for appellant.

*Charles O. Carroll* and *Robert E. Corning*, for respondent.

[*]Reported in 388 P. (2d) 537.

DONWORTH, J.—Appellant was convicted on a charge of taking and driving away a motor vehicle without the permission of the owner and with voluntarily riding therein, with the knowledge that the vehicle had been so taken, in violation of RCW 9.54.020.

The case is before us on his appeal from a judgment and sentence entered on his conviction. The state and appellant have executed an agreed statement of facts.

His contention is that he was illegally arrested in Tacoma by two policemen while he and a companion were seated in a parked car on a public street. They were taken in a police car to the police station and booked in the usual manner. On the following day, appellant was taken from the Tacoma city jail by two detectives of the Seattle Police Department and lodged in Seattle city jail. There the detectives obtained a statement from him which was reduced to writing by one of them and was then read and signed by appellant.

A pretrial hearing was held by the trial court pursuant to Rule of Pleading, Practice and Procedure 101.20W (RCW Vol. 0) to determine whether this statement was voluntarily made by appellant. After hearing the evidence presented on this issue, the court ruled that it was a voluntary statement and was admissible in evidence. Appellant's motion to suppress it was denied.

The court further found that appellant was arrested illegally due to the fact that the Tacoma police officers, at the time they made the arrest, did not have reasonable grounds to believe a crime had been committed.

Appellant's statement to the Seattle detectives (Exhibit 1) was admitted in evidence over his objection. At the conclusion of the trial, the jury found appellant guilty of taking and of riding in a motor vehicle without the permission of the owner.

Appellant moved for a new trial on the ground that his statement to the Seattle detectives had been illegally obtained while he was in custody as a result of his illegal arrest. His motion for a new trial was denied.

Appellant was sentenced to serve a maximum term of not more than 10 years in the state penitentiary. He has appealed in forma pauperis from this judgment and sentence.

Appellant's two assignments of error are (1) the admission in evidence of his statement (Exhibit 1), over his objection, and (2) the denial of his motion for a new trial.

The sole question presented for decision is whether, since appellant had been found by the trial court to have been illegally arrested, his voluntary statement to the Seattle detectives (Exhibit 1) made while he was under arrest could be properly admitted in evidence against him.

Appellant contends that, under Art. 1, § 7 of our state constitution (as implemented by RCW 10.79.040), no evidence (either physical evidence or oral statements of the accused) may be admitted when obtained by illegal means. He relies principally on *Tacoma v. Houston*, 27 Wn. (2d) 215, 177 P. (2d) 886 (1947), in which this court held that the testimony of certain witnesses who obtained information as the result of their making an illegal search and seizure of a private dwelling was not admissible in evidence.

We think that our decision in *State v. Keating*, 61 Wn. (2d) 452, 378 P. (2d) 703 (1963), which was rendered subsequent to the trial of the case at bar, is conclusive of the sole question stated above. In the *Keating* case, the defendant was arrested just outside his home and was taken to police headquarters for questioning. He then made certain admissions (which were tape recorded) and a confession. At a pretrial hearing, the court found that the admissions and confession were voluntary. At the trial, the same contention was advanced as was made by appellant in this case, to wit, that, since his arrest was unlawful, his confession was inadmissible. At page 454, this court disposed of this contention adversely to the defendant, saying:

"Assuming, arguendo, defendant's arrest to be without probable cause, the basic question presented is whether, under the circumstances here revealed, a voluntary confession with accompanying admissions becomes, by virtue of the unlawful arrest, inadmissible in evidence at a subsequent trial.

"Defendant, relying upon *Mapp v. Ohio*, 367 U. S. 643, 6 L. Ed. (2d) 1081, 81 S. Ct. 1684 (1961), in effect, contends the United States Supreme Court has extended, and we should adopt, under the fourth, fifth, and fourteenth amendments of the United States Constitution, an exclusionary rule akin to the 'McNabb rule' (*McNabb v. United States*, 318 U. S. 332, 87 L. Ed. 819, 63 S. Ct. 608 (1943)) applicable to voluntary confessions obtained following an unlawful arrest.

"We have heretofore rejected the *McNabb* rule. *State v. Winters*, 39 Wn. (2d) 545, 236 P. (2d) 1038; *State v. Self*, 59 Wn. (2d) 62, 366 P. (2d) 193. Cert. den. 370 U. S. 929, 8 L. Ed. (2d) 508, 82 S. Ct. 1569."

We then quoted at length from *Culombe v. Connecticut*, 367 U. S. 568, 6 L. Ed. (2d) 1037, 81 S. Ct. 1860 (1961). The portion of the Supreme Court's statement of the rule applicable to the present case is the following:

" ' . . . The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. *Rogers v. Richmond*, 365 U. S. 534. The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.' "

Attention is also invited to the case of *State v. Self* (cited in the first quotation from the *Keating* decision), in which the matter of voluntary confessions is discussed and the recent decisions on the subject are reviewed.

In the light of the *Keating* and *Self* cases, we conclude that the trial court did not err in admitting in evidence appellant's statement to the Seattle detectives even though it was given while he was under illegal arrest. The only material issue was whether the statement was voluntarily made. The trial court ruled that it was so made, and that ruling is not assigned as error on this appeal.

It follows that the judgment and sentence must be, and hereby is, affirmed.

We wish to point out that appellant has been represented both in the trial court and in this court by court-appointed counsel whose services (at least in this court) have been rendered without compensation and in the finest traditions of the legal profession.

OTT, C. J., HILL, and HAMILTON, JJ., and MURRAY, J. Pro Tem., concur.