PARKER CAMPBELL v. J. W. HUBBARD.

1. SUPREME COURT PRACTICE. *Revivor. Non-resident heirs.* The non-resident heirs of the appellant in an action of replevin, who was the defendant below and who died pending the appeal in this court, may revive the suit in their names, if no person·will administer on the estate in this State.

2. SAME. *Same. Plea.* Upon motion made to revive, the appellee may plead that the persons moving are not the heirs or all the heirs of the deceased, and, upon issue joined on the plea, the proof of heirship may be made in open court, or by depositions taken on notice, or before the clerk upon a reference to him for the purpose, the latter being the most convenient mode.

3. SAME. *Same. Same.* It is not a good plea to the motion to revive that the appellant had made a will in the State of his domicil, which had been probated in that State, and that certain persons named therein had qualified as executors thereof under the laws of that State.

---

FROM CROCKETT.

---

Appeal in error from the Circuit Court of Crockett county. J. T. CARTHEL, J.

C. C. Moss for Campbell.

LATTA & RICHARDSON, W. H. BIGGS and W. I. McFARLAND for Hubbard.

COOPER, J., delivered the opinion of the court.

Action of replevin by Hubbard against Campbell, in which the verdict and judgment were in favor of the plaintiff, and defendant appealed in error. Since the appeal Campbell has died, and certain persons as

his heirs have moved the court to revive the suit in their names, no person having been found willing to administer in this State. Hubbard resists the revivor by pleading that the persons applying to revive are not the heirs at law, nor the sole heirs of Parker Campbell, deceased. He further files a plea to the effect that Parker Campbell died a citizen of the State of Virginia, having made a will which has been probated in that State, and certain persons named have qualified under the laws of Virginia as executors of said will, and that the suit should be revived in their names, and not the names of the heirs at law.

By statute "no appeal or writ of error in any cause or court shall abate by the death of either plaintiff or defendant, but may be revived by or against the heir, personal representative, or assignee," in the mode prescribed: Code, sec. 2854. The action may be revived by the proper person, entitled to decedent's place, by motion alone. And by the adverse party against such proper person by consent of that person on mere motion; and without consent by *scire facias* or notice: Code, secs. 2855, 2856. If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived against the heirs of the decedent: Code, sec. 2849. Rules of practice have been adopted by this court with a view to the enforcement of the provisions of the statutes where the person against whom the suit is sought to be revived is a non-resident of the State: 1 Heis., 786.

These statutory provisions are plain enough on their face, and have been repeatedly acted on by the court.

It has been held that the heirs of a deceased plain-
tiff may revive the suit in their names when no person
will administer on the estate: *Boyd* v. *Titzer,* 6 Cold.,
568. And that a suit may be revived against the
heirs of a deceased defendant: *Brown* v. *Rocco,* 9
Heis., 187. The statutes, it has also been held, equally
apply where the persons by or against whom the re-
vivor is sought are non-residents of the State: *Foster*
v. *Burem,* 1 Heis., 783. And to the very character
of case now before the court in a replevin suit:
*Edgington* v. *Jamison,* 2 Lea, 569.

Under these statutes, where persons claiming to be
the proper representatives of deceased parties present
themselves and move to revive, the opposing litigant
may resist the revivor upon any sufficient ground,
such as that they are not the heirs or all the heirs,
and the court must, in acting upon the motion to re-
vive, pass upon and decide the question: *Mayfield* v.
*Stephenson,* 6 Baxt., 397 ; *Berrigan* v. *Fleming,* 2 Lea,
271. The first plea filed in this case is therefore a good
plea. The persons claiming to be the heirs of Parker
Campbell are, it seems, citizens of the State of Vir-
ginia. The proof of heirship might be made in open
court, or by the deposition of witnesses taken upon
notice, or before the clerk upon a reference to him
for that purpose. The latter mode is the most con-
venient to the court and the parties, and has been
adopted in practice. The supposed heirs may join
issue on the first of the pleas filed in this case, and
and have a reference to the master to take proof and
report the facts.

The other plea is clearly void, because it does not state facts from which the court can see that the will alleged to have been made and probated in the State of Virginia undertook to dispose of the right of action in question: *Williams* v. *Saunders*, 5 Cold., 60. Whether a will of personalty executed in another State and there probated can be noticed by the courts of this State until made effectual by our laws seems to admit of doubt: *Carr* v. *Lowe*, 7 Heis., 84. But there can be no doubt that a foreign executor can neither sue nor be sued as such in this State: *Allsup* v. *Allsup*, 10 Yer., 283; *Young* v. *O'Neal* 3 Sneed, 55.