**Application of Joseph ORTEGA, a Fraudulently Imprisoned Man, for a Writ of Habeas Corpus.**

**No. 57 C 1433.**

United States District Court
N. D. Illinois, E. D.
Nov. 12, 1957.

Joseph Ortega, pro se.

JULIUS J. HOFFMAN, District Judge.

Joseph Ortega has filed his petition for a writ of habeas corpus, on leave of court, in forma pauperis. His motions for the appointment of counsel and for a "hearing forthwith" on his application are denied. It is clear from the relator's petition, which consists of forty-two typewritten pages, as well as from other legal documents filed in his behalf that he has had the benefit of very resourceful counsel retained by him. Since his case has been previously considered by Judge John P. Barnes of this court (56 C 1880), in which cause the petition was dismissed, and because from the face of the instant petition the relator is not deemed to be entitled to the relief which he seeks, a hearing is also denied.

On July 24, 1950, Joseph Ortega was convicted in the Criminal Court of Cook County of the crime of robbery, and was confined to the Illinois State Penitentiary at Joliet. He now petitions for a writ of habeas corpus on the ground that his constitutional rights were violated in the course of both his trial and his appeal from the conviction.

Under the provisions of 28 U.S.C. § 2243, a court entertaining an application for a writ of habeas corpus must grant the writ or order the respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." Assuming that the allegations of the petition are true, it is evident from the face of the petition that the relator is not entitled to the re-

lief sought, for the reason that he has failed to exhaust available state remedies.

The petitioner seeks to demonstrate that he has exhausted his state remedies by listing a number of proceedings initiated by him in both the state and federal courts. It is not necessary, for purposes of this memorandum, to enumerate the remedies sought; it is sufficient to note that in 1953 the relator filed a petition in the Criminal Court of Cook County for a Post Conviction hearing as afforded by chapter 38, section 826 of the Illinois Revised Statutes of 1955, after he had unsuccessfully appealed his conviction to the Illinois Supreme Court and certiorari was denied by the United States Supreme Court. See People v. Ortega, 1955, 5 Ill.2d 79, 125 N.E.2d 481; Ortega v. State of Illinois, 1955, 349 U.S. 967, 75 S.Ct. 902, 99 L.Ed. 1288. In the Post Conviction proceedings, the Illinois Supreme Court, on March 22, 1956 (as stated in the petition), reversed and remanded the cause to the trial court with directions that a hearing be held on the allegations of the petitioner that his conviction was procured by perjured testimony. The trial judge ruled against the petitioner after a hearing on this question. *No appeal from this ruling was taken.*

██ The petitioner seeks to justify his failure to appeal on the ground that the trial judge, as well as the Illinois Supreme Court in a mandamus proceeding, refused to grant the petitioner a transcript which would include certain designated documents. The petitioner alleges that he could not make an appeal without these documents, and that since the time for appeal has lapsed, his state remedies have been exhausted.

The reasons stated in the petition for failing to perfect an appeal from the hearing on the question of the use of perjured testimony are insufficient to justify the relator's omission to appeal. The documents which were denied to the petitioner do not concern the question for which the hearing was to be held, with the possible exception of the requested transcript of the trial at which the petitioner was convicted; and it is not clear that this transcript would be essential to a proper review of the Post Conviction hearing on the question of perjured testimony. There is no allegation that a transcript of the Post Conviction hearing itself was denied, and it can not be assumed that the Illinois Supreme Court would have failed to use its process to obtain the necessary records for an appeal, or that absent a record it would have failed to make a final disposition of the case. Ex parte Davis, 1943, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868. The allegations of the petition state as the only reason for the omission of an appeal the inability of the relator to obtain the requested documents. Inasmuch as this reason is insufficient to justify his failure to apply for a writ of error from the Illinois Supreme Court to review the Post Conviction hearing, the petitioner has failed to establish an exhaustion of state remedies. The omission to perfect a timely appeal from a Post Conviction hearing—absent a justification for the omission—does not give the relator a right to resort to federal habeas corpus. United States ex rel. Stewart v. Ragen, 7 Cir., 1956, 231 F.2d 312. If the petitioner was prevented by federal or state authorities from perfecting an appeal otherwise required for an exhaustion of state remedies, then the federal court may entertain the application for a writ. See United States ex rel. Cook v. Dowd, 7 Cir., 1950, 180 F. 2d 212; Briggs v. White, 8 Cir., 1929, 32 F.2d 108. The allegations of the petition, however, that the relator could not perfect a timely appeal because the designated documents were refused as a part of the transcript of the hearing do not support the contention that the relator was prevented by state authorities from prosecuting an appeal.

██ In the absence of extraordinary circumstances, the federal courts—as a rule of comity—should refrain from interfering in state criminal proceedings until the available state remedies have been sought. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791;

United States ex rel. Sproch v. Ragen, 7 Cir., 1957, 246 F.2d 264. The extraordinary cases which constitute exceptions to this rule are restricted to those in which the "danger of irreparable loss is both great and immediate." Achtien v. Dowd, 7 Cir., 1941, 117 F.2d 989, 995. The present petition does not indicate such a great and immediate danger, and thus does not come within the category of exceptions to the exhaustion rule.

■■ It should further be noted that the petition does not establish that the same constitutional questions presented therein have been considered by the Illinois courts. Except for the issue of the use of perjured testimony, the questions raised in the present petition appear to have been involved in the Post Conviction hearings only in connection with an issue as to whether they were properly before the court under the petition. Before an application for a writ of habeas corpus may be granted by a federal court, it must appear in the application that the constitutional questions therein raised have been ruled upon by the state courts. United States ex rel. Sproch v. Ragen, 7 Cir., 1957, 246 F.2d 264.

For the reasons above set forth, the petition for a writ of habeas corpus is dismissed.