EMANUEL HARRIS

*v.*

STATE OF TENNESSEE.

399 S.W.2d 749.

(*Jackson,* April Term, 1965.)

Opinion filed January 5, 1966.

Lionel W. Mahoney and Morris Gannon, Jr., Memphis, for plaintiff in error.

George F. McCanless, Attorney General, and Thomas E. Fox, Assistant Attorney General, for the State.

584

Mr. Chief Justice Burnett delivered the opinion of the Court.

Harris was convicted of involuntary manslaughter and sentenced to serve eleven months and twenty-nine days on the county roads. From this conviction he has seasonably appealed, and, after a full consideration of the briefs and record, we now have the matter for disposition.

The record shows that Harris and deceased had, on March 29, 1963, been having difficulty with each other. On that date about 7:30 p.m., they engaged in a fight in a cafe in Memphis. The immediate cause of the fight was the deceased's picking up the glass of whiskey of plaintiff in error and drinking it. When the fight was over, the deceased was found lying in a booth with plaintiff in error standing over him. A broken bottle was found at the place of the fight. None of the witnesses saw any blows struck, but plaintiff in error testified that he struck the deceased on the nose with his fist and caused the deceased to fall backward without the deceased striking his head on anything or without rendering the deceased unable to rise.

After the fight was over, the deceased was noticed staggering out of the restaurant, but there was no indication

of injury. A policeman picked him up a short time thereafter near the cafe and thought him to be drunk. He was then put in the paddy wagon and taken to jail. When he arrived at jail, it was noticed that the deceased was unconscious and that he had not moved from the place where he was placed in the patrol wagon.

The policeman testified that nothing had happened on the way to the police station to cause injury to the deceased, nor did they notice any injury to him. Because of his condition the jailer would not permit him to be entered at the jail, and deceased was carried to the hospital where he died. After his death an autopsy was made, and the autopsy report was to the effect that the deceased was struck about the temple with a Coca Cola bottle or a hammer causing a skull fracture and injuring deceased's brain, which caused his death.

The record is clear that deceased's death was caused by an injury to him by the plaintiff in error. None of the witnesses, it is true, saw the deceased being hit by the plaintiff in error, but the circumstances certainly exclude any other theory. Plaintiff in error took the stand and admits that he did engage in a fight with deceased but claims that this was merely a skirmish and that he did not hit deceased hard. The evidence shows that deceased was lying in a booth after this fight occurred. It is evident to us, as apparently it was to the jury, that the deceased was struck by some instrument, a Coca Cola bottle or something, or a hammer blow, which caused the injury from which he died. The case is made up entirely of circumstantial evidence except for the fact that they did have a fight, and no one saw the type of instrument which caused the death of deceased. The medical testimony being as it is, there is certainly a very strong cir-

cumstance to show that deceased was struck with something more than merely a shove or push in the course of this fight.

The rule has been well established in this State that where circumstantial evidence is relied upon for a conviction the essential facts must be consistent with the hypothesis of guilt, and all other reasonable theories or hypothesis except guilt must be excluded by the facts. *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451.

This record does not indicate that Harris was informed when he was picked up and made a statement to the officers that he had a right to counsel before making such statement. He was informed though that any statement he made might be used against him during a trial. There is nothing in the record to indicate that Harris knew, or did not know, of his constitutional right not to give evidence against himself and to have counsel. Article I, Section 9, Constitution of Tennessee. This question is now before us in a number of cases. In all these cases counsel has taken the position that since the Supreme Court of the United States decided *Escobedo v. State of Ilinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, that it is required before one makes a statement even upon being arrested, or makes a confession, that he must be advised that he is entitled to have counsel before making such statement. In other words, the argument is that no statement can be accepted tending to incriminate the person giving it without his being advised before making such statement that he is entitled to counsel. We do not think *Escobedo* holds this.

The test has long been in this State, as well as it is in most others, whether or not the statement was made freely and voluntarily. *Cordell v. State,* 207 Tenn. 231,

338 S.W.2d 615. We think that *Escobedo* has not in any way changed the rule for admission of a confession or statement taken under such circumstances before an indictment and the fellow is brought into court.

 It is the rule that the trial judge, when the matter comes on to be heard before him, determines, hearing evidence outside the presence of the jury, whether or not the accused freely and voluntarily waived his right to counsel and to remain silent, and if not having been told this the statements were made freely and voluntarily he has not been fundamentally prejudiced by making such statements, and by his acts alone in giving them he has waived the right to counsel whether he has been informed of these rights by the officers at the time of his arrest or not. Each of these cases where such is done depend upon the particular facts of the case. Where it is shown to the trial court that the statements made were the product of the defendant's own free will the confession may be properly admitted. In such case it is not necessary to remind the accused that he is under arrest and that he is not obliged to reply because, if he did so, the answers might be used against him, when there is no inducement, fear or threat made to produce such statements, and they were voluntarily made. *State v. Boyer,* 1963, 61 Wash.2d 484, 378 P.2d 936. The failure of the police or sheriff to so advise a defendant is merely a fact to consider in determining whether the confession was voluntary. In other words, the trial court on the evidence pro and con on this question determines whether or not the defendant has been fundamentally prejudiced in his defense at a trial in the case by making statements to the officers without advice of counsel. This line of reasoning seems to us to be in line with the opinion of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In the

588

case now under consideration it does not appear that there was any objection made to the confession at the time it was made, and, as far as whether plaintiff in error was fundamentally prejudiced, the confession is in line with his testimony when he took the stand.

■ It is assigned as error and argued that this confession was admitted prior to proof of the *corpus delicti*. In answer to this assignment we said in *Kyle v. State*, 208 Tenn. 170, 173, 344 S.W.2d 537, 538, that:

"In this State we have long followed the rule that a confession is not admissible in the absence of some proof of the *corpus delicti* and that a confession [made] upon such uncorroborated evidence cannot be sustained. *Ashby v. State*, 124 Tenn. 684, 139 S.W. 872, 875. See likewise Wharton's Criminal Evidence (Anderson) at Section 357 and 358, Volume 2. This Court said in the Ashby case, supra: 'while the *corpus delicti* cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together with the *corpus delicti* and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict.' Likewise it was held in this case it was not necessary that this evidence of a *corpus delicti* precede the introduction of the confession though it was best to do so; but if it came in the wrong order the Court would not reverse."

In our judgment the facts of the present case clearly bring it within what we have said above and there was no error here.

■ Next it is argued that plaintiff in error was prejudiced because he was not allowed an extension

within the thirty days after the judgment of ninety days within which to prepare his bill of exceptions. The record shows that plaintiff in error did prepare and file his bill of exceptions within the time allowed by the court, and it does not in any way show why or how plaintiff in error was in any wise prejudiced by not having a longer time within which to prepare a bill of exceptions. We think that there was no error here.

After a full consideration of the questions involved we are satisfied that the evidence in this case came within the rule of *Marable v. State,* supra, and since the jury saw fit to believe under these circumstances that this is what happened they have overcome the presumption before trial below of the innocence of plaintiff in error, and now he cames here with the presumption of guilt. Clearly this evidence does not preponderate against such finding.

It is our holding, therefore, that the judgment below must be affirmed.

### Opinion on Petition to Rehear

Counsel for Harris have filed herein a very courteous, conscientious and dignified petition to rehear. This petition though is merely a reargument of what was argued at the bar of this Court and in the original briefs herein. It is true a number of other authorities are cited in this petition to rehear but they are all in effect covered in later decisions which were considered in our original opinion. Thus it is, after reviewing these opinions, we have concluded that nothing could be gained by reviewing them in a further opinion.

The facts are likewise again very forcefully argued in this petition to rehear, but we in reading this

record originally concluded that there were sufficient circumstances, etc., that if the jury believed them, this was sufficient as stated in our original opinion. We have not changed our opinion. Since we find that this petition to rehear consists of reargument merely it does not justify a rehearing under Rule 32 of this Court. 76 Tenn. 763; 79 Tenn. 7; *Louisville & N. RR. Co. v. United State Fidelity & Guaranty Co.,* 125 Tenn. 658, 691, 693, 148 S.W. 671, and the rule as it appears in Volume 185 of the Tennessee Reports at page 879. For this reason the petition to rehear is denied.