**Dewey Scott FRAZIER, Petitioner,**

v.

**Stoney LANE, etc., et al., Respondents.**

**No. CIV–2–77–74.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 6, 1977.

Dewey Scott Frazier, pro se.

Brooks McLemore, Jr., Atty. Gen., State of Tennessee, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. Frazier filed timely written objection to the findings and rec-

ommendation a magistrate proposed for the disposition of his application to this Court for posttrial relief. 28 U.S.C. § 636(b)(1). The Court makes a *de novo* determination of the portion of the report and recommendation of the magistrate to which such objection was addressed. *Idem.*

The magistrate found that the petitioner had not exhausted available state remedies as to the question presented herein to this Court. Mr. Frazier admitted that this is so, but he contends that reapplying to the Tennessee courts for postconviction relief, when his earlier application therefor had been denied by the Criminal Court of Sullivan County, Tennessee, would be " * * * fruitless. * * *"

 It is true, as Mr. Frazier argues, that: " * * * Federal courts have *power* [italicized in original] under the federal habeas statute to grant relief despite the applicant's failure to have pursued a state remedy, * * *" as asserted in *Fay v. Noia* (1963), 372 U.S. 391, 398–399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837, 845 (headnote 1), cited by the petitioner.* But, there is more: Such power is present only with reference to a state remedy " * * * not available to [such an applicant] at the time he applies. * * *" *Idem.* Further, a failure to exhaust " * * * 'the remedies available in the courts of the State' as required by [28 U.S.C.] § 2254 * * * refers only to a failure to exhaust state remedies still open to the applicant at the time he files his application for habeas corpus in the federal court. * * *" *Ibid.,* 372 U.S. at 399, 83 S.Ct. at 827, 9 L.Ed.2d at 845 (headnote 2).

 The petitioner alleged that the judgment of conviction of which he now complains was entered December 3, 1976; it follows logically, therefore, that his application to the Criminal Court of Sullivan County, Tennessee for post-conviction relief was

---

* The Court considered also *Townsend v. Sain* (1963), 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and *Brown v. Allen* (1952), 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed.2d 469, rehearing denied (1953), 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370, cited additionally by the petitioner, but finds *Fay, supra,* controlling herein.

filed on or after that date. His application to this Court was lodged with the clerk on May 17, 1977. Tennessee made available to its convicts a procedure in 1967 by which an applicant, denied relief under the provisions of its Post-Conviction Procedure Act, T.C.A. §§ 40–3801, et seq., might take an appeal to its Court of Criminal Appeals by simple appeal. T.C.A. § 40–3822. Thus, Mr. Frazier had available to him between December 3, 1976 and May 17, 1977 a procedure to raise the question presented herein and " * * * shall not be deemed to have exhausted the remedies available in the courts of * * *" Tennessee, " * * * within the meaning of * * *" the provisions of 28 U.S.C. § 2254. 28 U.S.C.A. § 2254(c).

The petitioner assigns no reason for failing to take a simple appeal from the adverse order entered, denying him relief on his application to the state court for post-conviction relief. If he has been denied his right to such appeal in violation of the Constitution of the United States or the Constitution of Tennessee, "* * * it is clearly within the power of [an] appellate court to correct an error of the trial court in refusing to grant a delayed appeal by ordering that such delayed appeal be granted. * * *" *State v. Wilson* (Tenn., 1975), 530 S.W.2d 766, 769[4]. If, on the other hand, Mr. Frazier, " * * * after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state [appellate] courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, * * *" *Fay v. Noia, supra,* 372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869 (headnote 37), then, this Court should not entertain his application for federal habeas corpus relief. It is only where " * * * the States withhold effective remedy, [that] the federal courts have the power and the duty to provide it. * * *" *Ibid.,* 372 U.S. at 441, 83 S.Ct. at 850, 9 L.Ed.2d at 871 (headnote 41).

Mr. Frazier appears to make the further meritless insistence that, as the " * * * only relevant substantive law [involved herein] is federal, * * *" state

court judges may not be competent to decide the federal constitutional issues he seeks to raise. Mr. Justice Stevens had recent occasion to observe for the United States Supreme Court: " * * * [E]lected judges of our state courts are fully competent to decide federal constitutional issues. * * *" *Swain v. Pressley* (1977), 430 U.S. 372, 383, 97 S.Ct. 1224, 1231, 51 L.Ed.2d 411, 421[9].

For the reasons assigned hereinabove, the Court hereby ACCEPTS the finding and recommendation made by the magistrate herein. 28 U.S.C. § 636(b)(1). The petitioner Mr. Frazier hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis on such appeal. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As the procedural issue involved herein is not plainly frivolous but constitutes a substantial question worthy of further consideration, *Manning v. Jarnigan, Etc., et al.,* civil action no. 3020, this district and division, certificate of April 13, 1973, such certificate will ISSUE. Rule 22(b), *supra.*