**Thomas Eugene MALONE, Petitioner,**

v.

**Michael DUTTON, etc., Respondent.**

Civ. A. No. 3–83–0852.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 8, 1983.

———

Thomas Eugene Malone, pro se.

William M. Leech, Jr., Atty. Gen., Nashville, Tenn., for respondent.

MEMORANDUM OPINION, ORDERS
AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner has now paid the required filing-fee to commence this action, *see* memorandum and order of October 24, 1983 in general docket no. 3–83–X–66, this District. He contends that he is in the custody within this District of the respondent-warden pursuant to the judgment of January 28, 1981 of the Criminal Court of Greene County, Tennessee, within the Eastern District of Tennessee, Northeastern Division, 28 U.S.C. § 123(a)(2), in violation of the Constitution, Fourteenth Amendment, Due Process Clause,[1] and Sixth Amendment, Right to Assistance of Counsel Clause.[2] 28 U.S.C. § 2254(a).

The applicant claims his application to the aforenamed state-Court for Post-Conviction relief was denied May 7, 1982; that his appeal from that judgment was denied January 25, 1983 by the Court of Criminal Appeals of Tennessee " * * * because no timely notice of appeal was filed * * * "; and that his petition for a delayed-appeal was denied by the immediately-aforenamed Court, *supra,* on June 30, 1983. It is noted that the provisions of the Post-Conviction Procedure Act of Tennessee related to a delayed-appeal apply only where the petitioner was denied his right of an appeal in the nature of a writ of error from his

---

1. "No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment, *supra.* " * * * 'A fair trial in a fair tribunal is a basic requirement of due process.' * * *" *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961).

2. "In all criminal prosecutions, the accused shall have the right * * * to have the Assistance of Counsel for his defence * * *." Constitution, Sixth Amendment, *supra.* The right to counsel is the right to effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970). This is also a fundamental part of the

"due process of law" guaranteed defendants in the criminal courts of Tennessee and other states by the Constitution, Fourteenth Amendment, *supra. Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532[2], 45 L.Ed.2d 562 (1975). " * * * To satisfy the requirement of the Constitution, Sixth Amendment, to the assistance of counsel, the applicant must have been represented by counsel reasonably likely to have rendered and who rendered reasonably effective assistance. * * *" *United States v. LaRiche,* 549 F.2d 1088, 1095[11] (6th Cir.1977), *cert. den.* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

original conviction (i.e., a direct-*appeal from his or her judgment of conviction*). *Baugh v. State*, 3 Tenn.Cr.App. 121, 457 S.W.2d 887, 888[3] (1970), *aff'd.* by the Supreme Court of Tennessee (1970).

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section [28 U.S.C. § 2254], if he has the right under the law of the State to raise by any available procedure, the question[s] presented." 28 U.S.C. § 2254(c). Mr. Malone appears to have the continuing right under the law of Tennessee to raise the federal constitutional questions he seeks to present to this Court in its courts; " * * * [r]elief under the Post-Conviction Procedure Act [of Tennessee] is granted when the conviction * * * is void or voidable [*inter alia*] because of the abridgement in any way of rights guaranteed by * * * the Constitution of the United States. T.C.A. § 40–3805 [now, T.C.A. § 40–30–105]. * * *" *Cable v. Russell*, 2 Tenn.Cr. App. 363, 365, 454 S.W.2d 163, 165[2] (1969), *cert. den.* by the Supreme Court of Tennessee (1969).

The remedy of (state)-habeas corpus remains available under Tennessee law in the courts of Tennessee " * * * in those rare cases in which the new remedy [under T.C.A. [now] § 40–30–105, *supra*,] does not appear to be 'adequate or appropriate.' * * *" *State ex rel. Huskey v. Hatler*, 606 S.W.2d 534, 536 (Tenn.1980). 28 U.S.C. § 2254, *supra*, authorizes the use of the federal writ of habeas corpus to challenge a conviction upon the claims of a disregard of the federal constitutional rights of the applicant where such federal writ is the *only* effective means of preserving his or her rights. *Wainwright v. Sykes*, 433 U.S. 72, 79, 97 S.Ct. 2497, 2502, 53 L.Ed.2d 594 (1977), *reh. den.* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977). " * * * [O]nly if the state courts have had the first opportunity to hear the claim[s] does it make sense to speak of the exhaustion of state remedies. * * *" *Picard v. Connor*, 404 U.S. 270,

276, 92 S.Ct. 509, 512[1], 30 L.Ed.2d 438 (1977); *cf.* also *Frazier v. Lane*, 446 F.Supp. 19, 25[5] (D.C.Tenn.1977) (Only where "the States withhold effective remedy, [do] the federal courts have the power and duty to provide it.")

For his failure to exhaust available state remedies, it appears plainly on examination of the face of the applicant's petition in preliminary consideration that he is not now entitled to relief in this or another federal Court, 28 U.S.C. §§ 2241(d), 2254(b); Rule 4, 28 U.S.C. fol § 2254. Under that circumstance, it hereby is

ORDERED:

1. that the petitioner's application herein is DISMISSED summarily, *id.;*

2. that the clerk will forthwith so notify the petitioner, *id.;* and,

3. that a copy of the petition herein and of this order be served by the clerk forthwith by certified mail on the respondent-warden and the attorney general and reporter of Tennessee, *id.*

Should the petitioner give timely notice of an appeal from the judgment and order to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated as an application for a certificate of probable cause, Rule 22(b), F.R.App.P. Any such certificate should NOT issue for the reason that it appears plainly from the face of his application that the applicant has available to him a procedure under the law of Tennessee for relief which has not been exhausted. *Id.*