**Darryl James BEAVER, Petitioner,**

v.

**M.C. HAMBY, etc., et al., Respondents.**

**Civ. A. No. 3–83–0756.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 28, 1983.
On the Merits Nov. 17, 1983.

Thomas V. White, Nashville, Tenn., for petitioner.

Robert Grunow, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDERS

NEESE, Senior District Judge, Sitting by Designation.

The petitioner applied through *pro bono publico*-counsel to this Court for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of November 20, 1981 of the Criminal Court of Davidson County, Tennessee, division III, and that his detention is in violation of the Constitution of the United States. 28 U.S.C. § 2254(a).* Annexed to the petitioner's application is his affidavit that he is unable to pay the costs of this proceeding or give security therefor and his statement of his belief that he is entitled to redress. 28 U.S.C. § 1915(a). Therefore, the applicant hereby is

AUTHORIZED to commence and prosecute this proceeding without prepayment of fees or costs or giving security therefor. *Id.*

The applicant claims the exhaustion of his available state remedies on direct review of his judgment of conviction; he claims such judgment was affirmed on January 18, 1983 by the Court of Criminal Appeals of Tennessee, and that his application to appeal further to the Supreme Court of Tennessee was denied May 9, 1983. (He makes no claim of having applied to the courts of Tennessee under its laws for post-conviction relief.)

■ If the applicant presented his federal claims on such direct review to the appellate courts of Tennessee, and such were rejected, it is not necessary that he apply again to such Courts for collateral relief on the same issues. *Brown v. Allen*, 344 U.S. 443, 450, 73 S.Ct. 397, 404[2], 97 L.Ed. 469 (1953). It is only where "* * * the States withhold effective remedy, [that] the feder-

---

* Although unspecified on behalf of the petitioner, it appears that the claim is that he was denied in the trial which resulted in his current incarceration his federal right to due process of law, Constitution, Fourteenth Amendment, Due Process Clause: "No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *," *Id.* "* * * 'A fair trial in a fair tribunal is a basic requirement of due process.' * * *" *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961).

al courts have the power and the duty to provide it * * *." *Frazier v. Lane,* 446 F.Supp. 19, 25[5] (D.C.Tenn., *per* Neese, J., E.D.T., 1977).

"* * * Before an application for the writ of habeas corpus may be granted by the federal court, it must appear in the application that the constitutional questions therein raised have been ruled upon by the state courts. * * *" *Application of Ortega,* 158 F.Supp. 946, 948[4] (D.C.Ill.1957), *cert. den. sub nom. Ortega v. Ragen, Etc.,* 359 U.S. 928, 79 S.Ct. 612, 3 L.Ed.2d 630 (1959). No such showing is apparent in Mr. Beaver's present application. *See* 28 U.S.C. §§ 2254(b), (c).

"* * * [T]he federal claim[s] must [have] be[en] fairly presented to the state court. * * * [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. * * * [O]nly if the state courts have had the first opportunity to hear the claim[s] does it make sense to speak of the exhaustion of state remedies. * * *" *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512[1], 30 L.Ed.2d 439 (1971). However, if the applicant does make it appear by amendment or supplement to his petition that such state courts had a full opportunity to determine the federal constitutional issues he seeks to present here, the policies served by the requirement of exhaustion of state-remedies would not be furthered by requiring him to resubmit the identical questions to the state courts. *Francisco v. Gathright,* 419 U.S. 59, 63, 95 S.Ct. 257, 259, 42 L.Ed.2d 226 (1974).

One ground urged by the applicant relates to the exclusion by the trial judge of certain evidence; the other two grounds relate to an instruction given and the refusal of a requested instruction to his jury. It should be understood that: "* * * The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases *de novo* but rather, to review for violation of federal constitutional standards. * * *" *Milton v. Wainwright,* 407 U.S. 371, 377, 92 S.Ct. 2174, 2178[3], 33 L.Ed.2d 1 (1972). A federal constitutional issue would appear not to be implicated in the judicial instruction of the trial judge to the jury, that proof by circumstantial evidence of an element of the crime charged against the applicant required the prosecution to have disproved every reasonable theory except that of the applicant's guilt. *Cf. United States v. Battista,* 646 F.2d 237, 246[18] (6th Cir.1981), (citing *Holland v. United States,* 348 U.S. 121 [, 139–140], 75 S.Ct. 127 [, 137[23]], 99 L.Ed. 150 (1954)), *cert. den.,* 454 U.S. 1046, 102 S.Ct. 586, 70 L.Ed.2d 488 (1981) (but with Justices Brennan and Marshall voting to grant *cert.* and reverse); *cf.* (as arguably *contra:*) *United States v. Leon,* 534 F.2d 667 (6th Cir.1976) ("[A] verdict of guilty cannot stand *on appeal* [emphasis added by this writer] where the evidence at most establishe[d] no more than a choice of reasonable probabilities"), distinguished in *Battista, supra.*

There are no indications on preliminary examination and consideration of the applicant's petition, accordingly, that the petitioner is entitled to relief presently in this Court, if at all, Rule 4, 28 U.S.C. fol. § 2254; but, as the applicant is under a sentence of life-imprisonment and represented by private counsel, this Court does not now order dismissal summarily, *id.* Law and justice seem to require, and it hereby is

ORDERED:

1. that the respondent-warden file an answer or other pleading within 43 days herefrom, 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P., the slow movement of the mails noticed providing good cause for such additional time, Rule 4, *supra;*

2. that the petitioner address by brief, exhibits, etc., the questions posed hereinabove within 20 days;

3. that the clerk serve forthwith a copy of the applicant's petition herein and of this order by certified mail on the respondent-warden and the attorney general and reporter of Tennessee, *id.*; and,

4. the applicant may amend or supplement his original brief at will before further action of this Court.

## ON THE MERITS

The petitioner Mr. Darryl James Beaver, who is serving a sentence of life-imprisonment for the second-degree murder of his stepfather Mr. David Beaver, seeks the federal writ of habeas corpus, 28 U.S.C. § 2254, attacking his conviction of November 20, 1981 in the Criminal Court of Davidson County, Tennessee. Of the three grounds urged in support of such petition, none entitles Mr. Beaver to any relief in this Court.[1]

### I.

The petitioner contends that the trial-judge erred in excluding evidence concerning his stepfather's fear or apprehension of third-persons. At trial, the petitioner offered such evidence as reflecting on the state-of-mind of the deceased. In affirming the trial judge's exclusion of such evidence, the state appellate Court discussed the matter thusly:

\*       \*       \*       \*       \*       \*

First, we are of the opinion that this evidence was not admissible as going to the defendant's theory that some unknown third party had killed the victim. We do not see that the victim's state of mind was relevant or would be probative on the question of whether some third party committed the crime. The evidence was clearly hearsay and was properly excluded by the trial court. *See Ashley [Ashby] v. State*, 124 Tenn. 684, 139 S.W. 872 (1911); *Williams v. State*, 552 S.W.2d 772 (Tenn.Cr.App.1977).

Nevertheless, since the defendant attempted to interpose an alternative defense of suicide by the deceased, then we can see that the victim's state of mind would be a relevant factor for consideration by the jury on the suicide question,

and some of the excluded evidence would have been admissible under the "state of mind" exception to the hearsay rule. However, we find that the exclusion of this evidence by the trial court was harmless because the defendant's suicide theory was thoroughly explored before the jury at trial.

An expert called by the defense, Dr. Joseph Fishbine, performed a "psychiatric autopsy" on the victim, and testified at length regarding the doctor's suicidal tendencies. Several witnesses, including the victim's wife and adopted daughter, recounted instances in which the victim had faked suicide, and numerous instances in which he had threatened suicide. The doctor's serious alcohol and drug problems, and his unusual and even bizarre behavior on occasions were all thoroughly explored before the jury.

Even regarding the defendant's theory that someone else killed the victim, we note that the jury also had before it sufficient evidence to weigh and consider this defense theory. Testimony was elicited that the doctor had reported to the police that someone had fired shots at his car and his house. The jury was also made aware that many of the doctor's patients were drug addicts, and that the doctor had a large quantity of firearms and drugs at his house. Further, Tanya Beaver, the victim's estranged wife, testified that the victim always carried four (4) loaded weapons on his person.

From our review of the record, we conclude that there was more than ample evidence in the record to bring to the jury's attention the victim's character and mental state to enable it to properly evaluate the defendant's defense theories. Thus, any of the excluded evidence that should have been admitted would

---

**1.** A review of the briefs submitted by Mr. Beaver to the appellate courts of Tennessee reflects that he presented to those Courts the same issues raised herein. *See Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 598–599, 54 L.Ed.2d 582 (1978). Although Mr. Beaver's arguments in the state courts appear to have been directed primarily to claimed errors based upon the law of Tennessee, he argued that they constituted

also violations of the federal Constitution. *Cf. Anderson v. Harless*, 459 U.S. 4, 5, 6, 103 S.Ct. 276, 277[1, 2], 74 L.Ed.2d 3 (1982). Under these circumstances, this Court is of the opinion (as is the respondent) that the petitioner has exhausted his available state-remedies as to each of the grounds asserted herein. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

have been cumulative, and its exclusion amounted to no more than harmless error. *T.R.A.P.* 36(b); *Tenn.R.Crim.P.* 52(a).

\* \* \* \* \* \*

Opinion of January 18, 1983 at 9–10.

The petitioner fails to explain how the foregoing determination of the state appellate-Court was erroneous or how the excluded evidence was other than cumulative of that already before the jury. He concedes that the evidence admitted at trial "\* \* \* clearly established that Dr. Beaver's life had been in a state of steady deterioration for years and that his medical practice had dwindled to the point that he closed his professional office in Green Hills and began to practice out of his house. \* \* \*" The petitioner asserts also that testimony adduced in jury-out hearings tended to establish that, at the time of his death, Dr. Beaver's patients were mostly drug-addicts; he does not, however, dispute the finding of the state appellate-Court that the jury was made aware of this fact through admitted evidence.

■ Evidentiary rulings of a state trial-judge "\* \* \* are usually not cognizable in federal habeas corpus [proceedings]." *Walker v. Engle*, 703 F.2d 959, 962[1] (6th Cir.1983). It is only when such a ruling "\* \* \* impugns fundamental fairness \* \*" that a federal constitutional question is implicated. *Burks v. Egeler*, 512 F.2d 221, 223[1] (6th Cir.1975), *cert. den.*, 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270 (1975).

■ It is well-settled that "\* \* \* the erroneous exclusion of evidence is harmless if other evidence is admitted showing the same facts. \* \* \*" 3A Wright, Federal Practice and Procedure: Criminal, 311–313, § 854. Excluding relevant evidence is harmless when the defendant is able to develop otherwise his theory through evidence which was admitted. *United States v. Ives*, 609 F.2d 930, 934[9] (9th Cir.1979); *United States v. Micklus*, 581 F.2d 612, 617[8] (7th Cir.1978). This Court agrees

with the state-Court that any error in excluding the evidence proffered by the petitioner Mr. Beaver was harmless. That being so, the ruling of the trial-judge did not impugn fundamental-fairness.

### II.

The petitioner questions also the sufficiency of the evidence to support his conviction, arguing that it did not "\* \* \* measure up to the standard necessary to support a criminal conviction based entirely on circumstantial evidence. \* \* \*" Specifically, he claims that the evidence "\* \* \* totally failed to exclude every other reasonable theory or hypothesis except that of the [petitioner's] guilt, as required in a circumstantial evidence case. \* \* \*" Even if this were true, Mr. Beaver would not be entitled to relief in this Court.

■ A state-prisoner is entitled to relief by way of federal habeas corpus only if he is held in custody in violation of the Constitution or laws or treaties of the United States; if he alleges no deprivation of a federal right, relief by habeas corpus is simply unavailable. *Engle v. Isaac*, 456 U.S. 107, 119, 120 n. 19, 102 S.Ct. 1558, 1567[1], [2] n. 19, 71 L.Ed.2d 783 (1982). The Constitution, laws or treaties of the United States did not require the State of Tennessee "\* \* \* to rule out every hypothesis except that of guilt beyond a reasonable doubt \* \* \*." [2] *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S.Ct. 2781, 2792–2793, 61 L.Ed.2d 560 (1979), *reh. den.*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), reaffirming *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

Mr. Beaver does not claim "\* \* \* that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. \* \* \*" *Id.*, 443 U.S. at 324, 99 S.Ct. at 2791–2792. Thus, his second ground for relief is not cognizable in this Court.

---

2. The rule followed by the courts of Tennessee is different: "\* \* \* The rule has been well established in this State that where circumstantial evidence is relied upon for conviction the essential facts must be consistent with the hypothesis

of guilt, and all other reasonable theories or hypothesis except guilt must be excluded by the facts. \* \* \*" *Harris v. State*, 399 S.W.2d 749, 751[1], 217 Tenn. 582 (1966).

## III.

It is contended finally by Mr. Beaver that the trial-judge committed "plain-error" in failing to instruct the jury properly on certain presumptions and inferences. Even if this stated a constitutional claim,[3] *cf. Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), this Court is not permitted to consider the issue.

Tennessee's Court of Criminal Appeals held that this petitioner waived this alleged error, because he neither objected to the instructions given by the trial-judge nor offered a request for special-instructions to be given to the jury.[4] *See* Rules 30(a), (b), Tenn.R.Crim.P.; Rule 36(a), Tenn.R.App.P.; *Pulley v. State,* 506 S.W.2d 164, 167[2, 3] (Tenn.Crim.App.1973), *cert. den.* by the Supreme Court of Tennessee (1974) (error in jury-instructions cannot be raised for the first time on appeal). Such procedural-default on the part of Mr. Beaver constitutes an adequate and independent state-ground precluding this Court's review of his third ground for relief in the absence of a showing of cause-and-prejudice. *Engle v. Isaac, supra,* 456 U.S. at 129, 102 S.Ct. at 1572[10]; *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769[4], 66 L.Ed.2d 722 (1981); *Lee v. Missouri,* 439 U.S. 461, 462, 99 S.Ct. 710, 711[2], 58 L.Ed.2d 736 (1979); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Mr. Beaver has neither alleged nor demonstrated such cause-and-prejudice.

It appearing, upon a review of the state-Court proceedings and of the expanded record, that an evidentiary hearing is not required herein, and it appearing further that the petitioner is not entitled to relief in this Court, he hereby is

DENIED all relief herein. Rule 8(a), 28 U.S.C. fol. § 2254. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P.

As the petition herein implicates questions of some substance over which room for legitimate differences of opinion may exist, such certificate will

ISSUE. *Id.; see Barefoot v. Estelle,* —— U.S. ——, ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

---

**3.** Mere "plain-error" in jury-instructions constitutes no constitutional-error; error in instructing the jury implicates a federal constitutional-question only where the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process of law. *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–1737[3], 52 L.Ed.2d 203 (1977).

**4.** "\* \* \* It is well recognized that a trial court will not be put in error where the action complained of [on appeal] was not called to its attention during the trial. \* \* \*" *McBee v. State,* 372 S.W.2d 173, 178[6], 213 Tenn. 15 (1963), *cert. den.,* 377 U.S. 955, 84 S.Ct. 1633, 12

L.Ed.2d 499 (1964). *See Henderson v. Kibbe, supra,* 431 U.S. at 154, 97 S.Ct. at 1736[2] ("Orderly procedure requires that the respective adversaries' views as to how the jury should be instructed be presented to the trial judge in time to enable him to deliver an accurate charge and to minimize the risk of committing reversible error. It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." [Footnote references omitted].)

